# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF SUFFOLK, ESSEX, MIDDLESEX, NORFOLK, PLYMOUTH, BRISTOL, BARNSTABLE, DUKES COUNTY AND NANTUCKET, AND CRIMINAL CASES FOR THE OTHER COUNTIES, JANUARY TERM 1860 AT BOSTON.

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. PLINY MERRICK,
Hon. EBENEZER R. HOAR,

---

## Commonwealth vs. Charles H. Munn.

The provision of *St.* 1855, *c.* 215, § 15, for the taxation and allowance of ten dollars as a fee for the attorney appearing for the Commonwealth, when a fine is imposed under that act, is constitutional.

On the trial of a complaint for being a common seller of intoxicating liquors, the testimony of a witness that he had some liquor in the office of a public house kept by the defendant, but that he did not pay for it, or see the defendant, is competent in corroboration of evidence of sales to another person at the same place.

Evidence that a person is in the occupation of selling intoxicating liquor is not sufficient proof of his being a common seller under *St.* 1855, *c.* 215, § 17, without proving at least three distinct sales.

COMPLAINT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors. At the trial in the superior court

in Franklin, at August term 1859, before *Rockwell*, J., it was shown that an attorney appeared for the Commonwealth at the hearing before the magistrate, and that ten dollars for his fee was taxed as a part of the costs. The only other evidence was as follows :

One witness, Taylor, testified to three sales by the defendant to him, at three several times within the time alleged, in the office of the defendant's public house in Greenfield.

Another witness, Perry, testified " that he had some liquor at one time in the southwest room in the defendant's hotel, the office aforesaid ; but that he did not pay for it or see the defendant."

The defendant's counsel contended that the provision of the *St.* of 1855, *c.* 215, § 15, relative to the taxation of ten dollars as an attorney's fee, was unconstitutional, and that therefore a conviction could not rightfully be had in this case.

But the court overruled this objection ; and instructed the jury that the evidence of Perry was competent for their consideration in corroboration with the other evidence, even though insufficient to prove a sale to Perry ; that the whole evidence must be such as to satisfy them that the defendant was in the habit of selling spirituous or intoxicating liquors as a common seller; that evidence of three several sales of spirituous or intoxicating liquors to the witness Taylor, during the time covered by the complaint, would be sufficient to authorize a conviction ; and that if by the whole evidence in the case they were satisfied that the defendant was, during the period covered by the complaint, in the occupation of a common seller of spirituous and intoxicating liquors, they would be authorized to find him guilty, whether three several sales to which Taylor had testified were proved or not. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. Allen,* for the defendant 1 Under *St.* 1855, *c.* 215, §§ 15, 17, the attorney who appears for the government before the magistrate would receive ten dollars in case of a conviction, and nothing in case of an acquittal. This is unconstitutional, as tending to produce oppression, and pervert the impartial admin-

istration of justice. Declaration of Rights, art. 29. The Constitution of Massachusetts was designed to guard against the oppressions practised by prosecuting officers in former times; and subsequent statutes and judicial decisions have recognized the principle that prosecuting officers should be free from pecuniary or other bias. *Sts.* 1789, *c.* 45; 1807, *c.* 18, § 2; 1813 *c.* 131; 1832, *c.* 130, § 10. Rev. Sts. *c.* 13, § 43. *Commonwealth* v. *Knapp*, 10 Pick. 477. *Commonwealth* v. *Williams*, 2 Cush 582. *Commonwealth* v. *Gibbs*, 4 Gray, 146. See also Clifford A. G., in *Webster's Trial*, 11; Thurlow, A. G., in *Horne's Trial*, 20 Howell's State Trials, 668, 670; 1 Twiss's Life of Eldon, (Amer. ed.) 129, 155. Contingent fees produce bias and lead to oppression. In civil cases, a contract for them is illegal, and cannot be enforced, and was punishable as a crime at common law. *Thurston* v. *Percival*, 1 Pick. 415. *Lathrop* v. *Amherst Bank*, 9 Met. 489. 1 Russell on Crimes, (7th Amer. ed.) 178. 2 Inst. 212. This statute offers a bounty on convictions, and tends to demoralize the profession.

2. The testimony of Perry had no tendency to prove a sale. *Commonwealth* v. *Packard*, 5 Gray, 101. And it is difficult to see how it was legally competent in corroboration, under the circumstances stated.

3. The instructions upon the evidence necessary to convict the defendant as a common seller were too favorable to the Commonwealth. See *Commonwealth* v. *Kirk*, 7 Gray, 496.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

Metcalf, J. 1. We are of opinion that the defendant has no legal cause of complaint that his trial before the magistrate was conducted, on behalf of the Commonwealth, by an attorney for whose services the defendant, on final conviction, may be compelled to pay ten dollars. The expediency and justice of the statute provision in this matter are for the consideration of the legislature. The earnest argument of the defendant's counsel has not convinced us that the provision is unconstitutional.

2. We are also of opinion that the jury were rightly instructed that Perry's testimony might be considered by them in corroboration of the other evidence, even if not sufficient to prove a

sale by the defendant to Perry. *Commonwealth* v. *Burnham, ante,* 101.

3. A defendant cannot legally be convicted of being a common seller of intoxicating liquors, unless it be proved that he has made at least three distinct sales thereof. *Commonwealth* v. *Tubbs,* 1 Cush. 2. But we are of opinion that the jury, under the instructions given to them, may have found the defendant guilty, though they may not have been satisfied that ne had made three distinct sales during the time mentioned in the complaint; especially as they were not instructed that proof of three sales at least was necessary to a conviction. They may have found him guilty, we think, on evidence which was held, in *Commonwealth* v. *Tubbs,* not to warrant such a finding. The jury were instructed, among other things, as follows : That if, by the whole evidence in the case, they were satisfied that the defendant was, during the period covered by the complaint, in the occupation of a common seller of spirituous and intoxicating liquors, they would be authorized to find him guilty, whether the three several sales, to which Taylor had testified, were proved or not. This instruction, in our opinion, was too indefinite. It did not present to the jurors' minds an exact statement of what was necessary to constitute a common seller, namely, at least three distinct sales. The defendant is therefore entitled to a new trial. *Exceptions sustained.*